

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Kurt Rose**
*Assistant Corporation Counsel*
Phone: (212) 356-2469
krose@law.nyc.gov

January 20, 2016

**By ECF**
Honorable Margo K. Brodie
United States District Judge
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Bartone v. Mattera, et al. 15 Civ. 6362 (MKB) (MGD)

Dear Judge Brodie:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendants in the above referenced action. I write pursuant to Your Honor's Individual Motion Practices and Rules to respectfully request a pre-motion conference for leave to move to dismiss the Complaint.

    Plaintiff, a teacher with the New York City Department of Education ("DOE"), claims that she has been subject to discrimination based on her disability and suffered retaliation for allegedly exercising rights under the First Amendment. Plaintiff asserts claims under the Americans with Disabilities Act 42 U.S.C. § 12101, et seq. ("ADA"), and the Fourteenth Amendment to the United States Constitution.[1] As set forth below, the Complaint fails to state a claim upon which relief can be granted.

**A.    Defendants' Bases for Their Anticipated Motion**

    **1) Plaintiff fails to state a claim under the ADA**

    To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts adequate "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To be facially plausible, a complaint must plead "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This "requires more than labels and

---

[1] Plaintiff also alleges state law claims for breach of contract, defamation, intentional infliction of emotional distress ("IIED"), and prima facie tort. As discussed infra, Plaintiff's state law claims are subject to dismissal for failure to state a claim.

conclusions." Twombly, 550 U.S. at 555. Ultimately, "a discrimination complaint … must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." Dooley v. Jetblue Airways Corp., 2015 U.S. App. LEXIS 22046, *7 (2d Cir. Dec. 18, 2015) (brackets in original).

To state a prima facie case of discrimination under the ADA "[a] plaintiff must prove that: (1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of h[er] disability or perceived disability." Kinneary v. City of NY, 601 F3.d 151, 155-156 (2d Cir. 2010). Additionally, a plaintiff must file a charge of discrimination within 300 days of the alleged discrimination. See Cherry v. City of NY, 381 F. App'x 57, 58 (2d Cir. 2010).

Here, Plaintiff has failed to allege that she is disabled within the meaning of the ADA. Plaintiff alleges that on November 8, 2013 she was hospitalized for "stress induced chest pains" (Compl., ¶ 82) and thereafter "could not attend work." Id., ¶ 83. However, Plaintiff's vague reference to a one day hospitalization and her professed inability to work thereafter does not establish that she disabled within the meaning of the statute. See Dechberry v. NY City Fire Dept., 2015 US Dist. LEXIS 107346, *45 (E.D.N.Y. Aug. 14, 2015) (plaintiff's allegations that she suffered from "severe tendonitis" and that "her own doctors reveal[ed] that she is totally disabled" did not establish that she was disabled because she did "not explain what major life activity [was] substantially limited"). Moreover, although Plaintiff alleges that she was terminated in April 2014 (see Compl., ¶ 90), she states that her termination was "reversed" at some point thereafter (see id.), thereby failing to allege that she suffered an adverse employment action. See Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004) ("an adverse employment action [is] a 'materially adverse change' in the terms and conditions of employment"). Finally, even if Plaintiff can sufficiently plead that she was discriminated against based on a disability, her claim must be dismissed because all of the allegations in the Complaint occurred more than 300 days before she filed her charge of discrimination with the EEOC on March 25, 2015. See Cherry, 381 F. App'x 57, 58 (dismissing the complaint because "the most recent alleged discriminatory action" occurred beyond the 300 day statute of limitations).

2) **Plaintiff fails to state a First Amendment retaliation claim**

Where a public employee brings a retaliation claim based on the First Amendment, the plaintiff-employee must demonstrate that: (1) the speech at issue was made as a citizen on matters of public concern; (2) she suffered an adverse employment action; and (3) the speech was "at least a substantial or motivating factor in the adverse employment action." Garcia v. Hartford Police Dept, 706 F.3d 120, 129-130 (2d Cir. 2013); see also Wrobel v. Cnty. of Erie, 692 F.3d 22, 30 (2d Cir. 2012) ("The showing required for a free speech claim is the same as for a free association claim"). Additionally, speech that is calculated to advance an individual's personal employment grievance "does not advance a public purpose" and therefore does "not constitute speech on a matter of public concern." Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008); see also Jackler v. Byrne, 658 F.3d 225, 236 (2d Cir. 2011) (speech relating to "assignments, promotion, or salary, does not address matters of public concern"). Here, although difficult to follow, the Complaint is exclusively focused on Plaintiff's own employment

2

experience with DOE.  Accordingly, Plaintiff's First Amendment claim fails because any purported speech or association was not as a citizen on matters of public concern and was only calculated to advance Plaintiff's own employment situation.

### 3) **Plaintiff's state law claims are deficient**

Plaintiff's state law claims all fail for a variety of reasons, including, in some instances, the applicable statutes of limitations.  All state law claims alleged against DOE must be dismissed because Plaintiff failed to file a notice of claim.  See N.Y. Educ. Law §§ 3813(1), 3813(2); N.Y. Gen. Mun. Law § 50-e; Parise v. NY City Dept. of Sanitation, 306 F. App'x 695, 697 (2d Cir. 2009) ("In federal court, state notice-of-claim statutes apply to state-law claims"); Vassilev v. City of NY, 2014 US Dist. LEXIS 111722, *9-10 (S.D.N.Y. Aug. 12, 2014) (dismissing state law claims for failure to "file a timely notice of claim").

Plaintiff's claims against the individually named Defendants are similarly unavailing.  The last allegation in the Complaint is dated April 2014.  Plaintiff did not commence this action until November 12, 2015.  Therefore Plaintiff's defamation and IIED claims must be dismissed pursuant to the applicable one year statutes of limitations.  Aguirre v. Best Care Agency, Inc., 961 F. Supp. 2d 427, 454 (E.D.N.Y. 2013) (MKB) ("The statute of limitations for defamation in New York is one year"); Cardona v. Cmty. Access, Inc., 2013 US Dist. LEXIS 10778, *32 (E.D.N.Y. Jan. 25, 2013) (MKB) ("A claim for [IIED] is subject to a one year statute of limitations").  Plaintiff's prima facie tort claim must be dismissed because she has failed to plead special damages.  See Silverman v. City of NY, 2001 US Dist. LEXIS 2631, *38 (E.D.N.Y. Feb. 12, 2001) ("In order to state a cause of action for prima facie tort, special damages must be 'alleged with sufficient particularity to identify actual losses.  Indeed, round sums without any attempt at itemization are insufficient") (internal quotations omitted).  Finally, Plaintiff's breach of contract claim must be dismissed because Plaintiff has failed to allege the contractual relationship that existed between herself and the individually named Defendants.

In sum, Defendants respectfully request a pre-motion conference to discuss the proposed motion to dismiss.  Further, Defendants respectfully request that discovery be stayed in this matter until the anticipated motion is decided.

    Respectfully Submitted,

    /s/

    Kurt Rose
    Assistant Corporation Counsel

cc:    Jonathan B. Behrins, attorney for Plaintiff  (by ECF)