UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ELISA BARTONE,

                              Plaintiff,

- against -

ERICA MATTERA, BARBARA NEIS, AND NEW
YORK CITY DEPARTMENT OF EDUCATION

                              Defendants.
-------------------------------------------------------------------x

Docket # 15 Civ. 6362
(MKB)(MGD)

**Memorandum of Law in Opposition to Defendants' Motion to Dismiss**

Respectfully Submitted,

THE BEHRINS LAW FIRM PLLC
Attorneys for Plaintiff
Office & P.O. Address
1110 South Avenue (Suite 402)
Staten Island, New York 10314
(718) 447-5540
jb@behrinslaw.com

## MOTION TO DISMISS STANDARD

"On a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the [non-moving party's] factual allegations as true, drawing all reasonable inferences in [non-moving party's] favor. *NY State Catholic Health Plan, Inc. v Acad. O & P Assocs.*, 2015 US Dist LEXIS 169526 [EDNY Dec. 18, 2015, No. 15-CV-3298]. "Applying this standard is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Gracey v J.P. Morgan Chase & Co. (In re Amaranth Natural Gas Commodities Litig.)*, 730 F3d 170 [2d Cir 2013].

## ADA CLAIM

1. "Arbitrary and irrational discrimination violates the Equal Protection Clause under even our most deferential standard of review." **(Bankers Life & Cas. Co. v Crenshaw, 486 US 71 [1988].)**

2. The Plaintiff's complaint provides numerous examples of disparate and discriminatory treatment whereby the Defendants treated the Plaintiff differently than that of her fellow teachers. " It is an established principle of constitutional law that the Equal Protection Clause protects against class- or group-based invidious discrimination. The Equal Protection Clause prohibits "arbitrary and irrational discrimination" even if no suspect class or fundamental right is implicated." **(Muller v Costello, 187 F3d 298 [2d Cir 1999].)** "Although disability is not a suspect class, the Equal Protection clause still protects against "arbitrary and irrational discrimination." To make out such a claim, the plaintiff must demonstrate that his employer's actions were not rationally related to a legitimate government interest, but arose from arbitrary and irrational discriminatory intent. **(De La Cruz v Guilliani, 2002 US Dist LEXIS 19922 [SDNY Aug. 23, 2002].)** "To establish an Equal Protection violation, the plaintiff must show purposeful

discrimination directed to an identifiable class. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). Even if no suspect class or identifiable right is implicated, an Equal Protection violation may be found based upon "arbitrary and irrational discrimination" or an allegation of selective treatment in terms of public employment where it is shown that such treatment was motivated by an intention to discriminate based upon impermissible considerations, such as race or by a malicious or bad faith intent to injure the person." **(Winokur v Off. of Ct. Admin., 190 F Supp 2d 444 [EDNY 2002].)**

3. Here, the Plaintiff has clearly and unequivocally met her burden of establishing that the Defendants intentionally singled her out repeatedly and completely without justification. The Defendants cannot deny that the facts, as alleged by the Plaintiff, and assumed to be true for the purposes of a motion to dismiss, establish the unlawful treatment of the Plaintiff by the Defendants.

## PLAINTIFF'S CLAIM IS A CONTINUING DISCRIMINATORY ACTION

4. The Defendants' allegation that the statute of limitations has expired fails to comprehend the actual law regarding determining when the statute begins to run. "In harassment cases, you must file your charge within 180 or 300 days of the last incident of harassment, although we will look at all incidents of harassment when investigating your charge, even if the earlier incidents happened more than 180/300 days earlier." *http://www.eeoc.gov/employees/timeliness.cfm*. As long as the charge of discrimination is filed within 300 days of the last occurrence, it is considered timely.

5. To maintain a timely action under 42 U.S.C. § 2000e-5, a plaintiff must comply with three requirements: (1) file a timely charge with the EEOC, (2) receive an EEOC right-to-sue letter, and (3) file an action within 90 days of receipt of that letter. See *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir.1996); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994). Because New York is a state with a fair employment agency, a charge of discrimination

must be filed with the EEOC or the New York State Department of Human Rights within 300 days of the alleged discrimination. See 42 U.S.C. § 2000e-5(e)(1). "The timeliness of a discrimination claim is to be measured from the date the claimant had notice of the allegedly discriminatory action." Because "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" every such act "starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Therefore, each discrete discriminatory act alleged must fall within the 300-day limitations period to be considered timely." **(*Collier v Boymelgreen Devs.*, 2008 US Dist LEXIS 25096 [EDNY Mar. 24, 2008, No. 06 CV 5425 (SJ)].)**

6. Here, the Plaintiff's complaint was filed well within the 300 day statute of limitation. The Plaintiff's harassment is ongoing and continued to occur beyond her cessation from working at PS 11.

## FIRST AMENDMENT CLAIM

7. "To prove that a public employer unlawfully retaliated against an employee for their speech in violation of the First Amendment, the plaintiff must show that (1) the speech at issue was "made as a citizen on matters of public concern rather than as an employee on matters of personal interest," *Grillo v. N.Y.C. Transit Auth.*, 291 F. 3d 231, 235 (2d Cir. 2002) (per curiam); (2) he or she suffered an adverse employment action, *Diesel v. Town of Lewisboro*, 232 F.3d 92, 107 (2d Cir. 2000); and (3) "the speech was at least a substantial or motivating factor in the [adverse employment action]," *Sheppard v. Beerman*, 317 F.3d 351, 355 (2d Cir. 2003)."Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record." **(Garcia v Hartford Police Dep't, 706 F3d 120 [2d Cir 2013].)**

8. The Defendants' retaliatory behavior began when the Plaintiff told Defendant Mattera that she was declining the Readers' Theater position. As time went on, all statements made by the Plaintiff regarding the unlawful practices of Defendants Mattera and Neis were met with retaliatory action. The Plaintiff was not only concerned for herself, but also for all teachers subject to the wrath of corrupt and overpowering superiors such as Mattera and Neis. Most importantly, the Plaintiff was concerned about the children, who were repeatedly used as pawns in the Defendants' maniacal schemes. The Plaintiff, having always been an exemplary teacher, was being subject to constant abuse and ridicule. As a result, it was the students who would suffer when Defendants Mattera and Neis would interfere with the Plaintiff's teaching and attempt to use the students against the Plaintiff with no regard for the impact their actions would have on the students themselves.

WHEREFORE, your deponent joins in the Plaintiff's prayer that the relief requested in the Defendants' motion to dismiss be denied in its entirety, together with costs and disbursements.

Dated: Staten Island, New York
June 27, 2016

Respectfully Submitted,

THE BEHRINS LAW FIRM PLLC
Attorneys for Defendants
Office & P.O. Address
1110 South Avenue (Suite 402)
Staten Island, New York 10314
(718) 447-5540
jkatz@behrinslaw.com