15 Civ. No. 6362 (MKB) (MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELISA BARTONE,

Plaintiff,

-against-

ERICA MATTERA, BARBARA NEIS, AND NEW
YOUR CITY DEPARTMENT OF EDUCATION,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-169
New York, New York  10007

Of Counsel: Kurt Rose
Tel. (212) 356-2469
Email: krose@law.nyc.gov
Matter No. 2015-049214

Lawrence J. Profeta,
Kurt Rose,
    Of Counsel.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... iii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 2

        A.  Background ................................................................................. 2

        B.  2006-2007 School Year ............................................................. 2

        C.  2008-2009 School Year ............................................................. 2

        D.  2010-2011 School Year ............................................................. 3

        E.  2011-2012 School Year ............................................................. 3

        F.  2012-2013 School Year ............................................................. 4

        G.  2013-2014 School Year ............................................................. 5

        H.  Procedural Background .............................................................. 6

ARGUMENT

    POINT I

        PLAINTIFF'S ADA CLAIM IS BARRED BY
        THE STATUTE OF LIMITATIONS. ....................................................... 6

    POINT II

        PLAINTIFF FAILS TO STATE A CLAIM FOR
        DISABILITY DISCRIMINATION UNDER THE
        ADA. ................................................................................................. 8

        A.  Standard of Review ................................................................... 8

        B.  Plaintiff Was Not Discriminated Against
           Because of Her Disability .......................................................... 9

           1.  Plaintiff does not show that she was
               disabled within the meaning of the statute. ................................... 9

**Pages**

    2.   Plaintiff does not allege that she was subject to an adverse employment action because of a disability. ................................................. 10

POINT III

PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM. ............................................ 11

A.  Any Act Occurring Prior to November 12, 2012 is Time-Barred ........................................................ 11

B.  Plaintiff Did Not Speak as a Citizen on a Matter of Public Concern .................................................. 11

POINT IV

ALL STATE LAW CLAIMS ALLEGED AGAINST DOE MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM. .............................................................. 13

POINT V

ALL OF PLAINTIFF'S REMAINING STATE CLAIMS AGAINST MATTERA AND NEIS ARE ALSO SUBJECT TO DISMISSAL. ........................................ 14

CONCLUSION .................................................................. 16

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

Aguirre v. Best Care Agency, Inc.,
    961 F. Supp. 2d 427 (E.D.N.Y. 2013) (MKB)........................................................15

AMTRAK v. Morgan,
    536 U.S. 101 (2002).................................................................................................7

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)............................................................................................8, 10

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)............................................................................................8, 10

Birch v. City of NY,
    2016 U.S. Dist. LEXIS 58793 (E.D.N.Y. May 3, 2016) .......................................11

Bovce v. New York City Mission Society,
    963 F.Supp. 290 (S.D.N.Y. 1997) .......................................................................10

Boyd v. City of NY Parks & Rec.,
    2008 U.S. Dist. LEXIS 114730 (S.D.N.Y June 30, 2008)....................................10

Brooks v. Cnty. of Nassau,
    54 F. Supp. 3d 254 (E.D.N.Y. 2014) ....................................................................14

Brown v. City of NY,
    622 F. App'x 19 (2d Cir. 2015) ............................................................................11

Cameron v. Cmty. Aid for Retarded Children, Inc.,
    335 F.3d 60 (2d Cir. 2003).....................................................................................9

Cardona v. Cmty. Access, Inc.,
    2013 U.S. Dist. LEXIS 10778 (E.D.N.Y. Jan. 25, 2013) (MKB)..........................15

Cherry v. City of NY,
    381 F. App'x 57 (2d Cir. 2010) .........................................................................6, 7

Coleman v. BrokersXpress, LLC,
    375 F. App'x 136 (2d Cir. 2010) ...........................................................................8

Connick v. Myers,
    461 U.S. 138 (1983)..............................................................................................12

De La Pena v. Metro. Life Ins. Co.,
    552 F. App'x 98 (2d Cir. 2014) .............................................................................8

**Cases**                                                                             **Pages**

Dechberry v. NY City Fire Dept.,
   124 F. Supp. 3d 131 (E.D.N.Y. 2015) ....................................................................10

Dooley v. JetBlue Airways Corp.,
   2015 U.S. App. LEXIS 22046 (2d Cir. Dec. 18, 2015) ...........................................8

Garcia v. Hartford Police Dept,
   706 F.3d 120 (2d Cir. 2013)...................................................................................12

Horsham v. Fresh Direct,
   2015 U.S. Dist. LEXIS 130438 (E.D.N.Y. Sep. 28, 2015) (MKB).........................10

Jackler v. Byrne,
   658 F.3d 225 (2d Cir. 2011)...................................................................................12

Kelly v. N. Shore-Long Is. Jewish Health Sys.,
   2016 U.S. Dist. LEXIS 5452 (E.D.N.Y. Jan. 15, 2016) ...........................................9

Lewis v. Cowen,
   165 F.3d 154 (2d Cir. 1999)...................................................................................12

N.Y. State Law Officers Union v. Andreucci,
   433 F.3d 320 (2d Cir. 2006)...................................................................................12

Norton v. Breslin,
   565 F. App'x 31 (2d Cir. 2014) ..............................................................................13

Rodriguez v. Verizon Telecom,
   2014 U.S. Dist. LEXIS 167833 (S.D.N.Y. Dec. 3, 2014) ........................................9

Ruotolo v. City of New York,
   514 F.3d 184 (2d Cir. 2008)...................................................................................12

Sanders v. N.Y.C. Human Res. Admin.,
   361 F.3d 749 (2d Cir. 2004)...................................................................................11

Saulpaugh v. Monroe Cmty. Hosp.,
   4 F.3d 134 (2d Cir. 1993).......................................................................................12

Silverman v. City of NY,
   2001 U.S. Dist. LEXIS 2631 (E.D.N.Y. Feb. 12, 2001)..........................................15

Thomson v. Odyssey House,
   2015 U.S. Dist. LEXIS 125887 (E.D.N.Y. Sep. 21, 2015) (MKB)......................7, 8

Ullah v. NYC Dept. of Educ.,
   2012 U.S. Dist. LEXIS 141825 (S.D.N.Y. Sept. 27, 2012).................................6, 14

**<u>Cases</u>**                                                                                          **<u>Pages</u>**

<u>Valtchev v. City of New York</u>,
   400 F. App'x 586 (2d Cir. 2010) ........................................................7

<u>Vassilev v. City of NY</u>,
   2014 U.S. Dist. LEXIS 111722 (S.D.N.Y. Aug. 12, 2014) ....................................14

<u>Vega v. Hempstead Union Free Sch. Dist.</u>,
   801 F.3d 72 (2d Cir 2015)...............................................................9

<u>Wrobel v. Cnty. of Erie</u>,
   692 F.3d 22 (2d Cir. 2012)..............................................................12

<u>Young v. NY City Dept. of Educ.</u>,
   2010 U.S. Dist. LEXIS 69764 (S.D.N.Y. July 13, 2010) ....................................14

**<u>Statutes</u>**

42 U.S.C. § 1983 .........................................................................11

42 U.S.C. § 12102(1) ......................................................................9

42 U.S.C. § 12117.......................................................................6, 7

Gen. Mun. Law § 50-e ...................................................................14

New York Educ. Law § 3813 ............................................................15

New York Educ. Law § 3813(1).........................................................13

New York Educ. Law § 3813(2).........................................................14

## PRELIMINARY STATEMENT

Elisa Bartone ("Plaintiff") is a second grade teacher with the Department of Education of the City of New York ("DOE").  Plaintiff brings this action against DOE, Erica Mattera, and Barbara Neis (collectively "Defendants"), claiming that she was the victim of disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA") and suffered retaliation for alleging exercising her First Amendment rights.  Plaintiff also alleges the following state law claims: defamation, intentional infliction of emotional distress ("IIED"), prima facie tort, and breach of contract.

As set forth more fully below, Plaintiff's complaint should be dismissed. Plaintiff's ADA claim is subject to dismissal because none of the allegations in the Complaint occurred within 300-days of her filing of a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC").  Moreover, even if there were any timely pled allegations, Plaintiff's ADA claim remains unavailing because she does not identify her alleged disability, and cannot show that she suffered an adverse employment action because of her unidentified disability.

Plaintiff's First Amendment claim is meritless because Plaintiff cannot show that she spoke as a citizen on a matter of public concern.  Rather, any activity she engaged in was focused exclusively on her own employment grievances.

Finally, Plaintiff's failure to file a notice of claim requires dismissal of her state law claims against DOE, and Mattera and Neis in their official capacities.  Additionally, Plaintiff's state law claims against Mattera and Neis are without merit because: (1) the defamation and IIED claims were not filed within the applicable statutes of limitations; (2) Plaintiff did not plead special damages as required to make out a prima facie tort claim; and (3) Plaintiff does not identify the supposed contractual relationship between herself and the

individual Defendants.

Accordingly, Defendants' motion must be granted and the Complaint dismissed.

## STATEMENT OF FACTS[1]

**A.    Background**

In 1995, Plaintiff began working for DOE at P.S. 11.  See Compl., ¶ 9.   Prior to the 2007-2008 school year, Plaintiff was a first grade teacher.  See Compl., ¶¶ 14, 18.  Beginning in the 2007-2008 school year, Plaintiff taught second grade.  See Compl., ¶¶ 14, 18.

**B.    2006-2007 School Year**

In May 2007, Principal Erica Mattera, created a "cluster teacher" position for a new program called "Readers' Theater."  See Compl., ¶ 12.  Mattera asked Plaintiff to fill the new position multiple times, but Plaintiff declined Mattera's offers.  See id., ¶¶ 13-16.  Mattera was upset at Plaintiff because Plaintiff would not accept her offer.  See id., ¶¶ 13-16.  On June 6, 2007, Mattera alleged that a parent contacted the school stating that a child had wet herself because of Plaintiff.  See id., ¶ 16.  Additionally, Plaintiff was notified that she was the subject of a corporal punishment allegation that Mattera ultimately found unsubstantiated.  See id., ¶ 18. Plaintiff received a year-end satisfactory rating.  See id., ¶ 19.  Plaintiff was also notified that her assignment for the following school year would be second grade.  See id., ¶ 18.

**C.    2008-2009 School Year**

Adam Baskin was assigned as a probationary assistant principal at P.S. 11.  See Compl., ¶ 19.  Plaintiff received an unsatisfactory rating ("U-rating") at the conclusion of the school year, and challenged this rating.  See id.

---

[1] Defendants' statement of facts is based on the material allegations of the Complaint, a copy of which is attached to the Declaration of Kurt Rose, dated May 27, 2016, as Exhibit A.

**D.      2010-2011 School Year**

On October 14, 2010, Baskin told Plaintiff that Mattera would have Baskin fired if he attempted to aid Plaintiff in her appeal of her 2008-2009 U-rating.  See Compl., ¶ 20.  On February 8, 2011, Baskin observed Plaintiff's class.  See id., ¶ 21.  Baskin wanted to rate the lesson positively but Mattera allegedly directed him to rate the lesson negatively.  See id., ¶ 22. Baskin ultimately rated the lesson positively.  See id., ¶ 25. Sometime thereafter, Plaintiff was accused of verbal abuse, and on March 9, 2011, Baskin gave Plaintiff a letter from Mattera substantiating those allegations.  See id., ¶ 23.   On May 16, 2011, Baskin observed Plaintiff's class and wanted to rate the lesson positively but Mattera allegedly directed him to rate the lesson negatively.  See id., ¶ 24.  Initially, Baskin and Mattera rated the lesson positively.  See id., ¶ 25.  However, at the direction of the superintendent, the lesson was changed to a negative observation.  See id., ¶ 27.  On June 8, 2011 Plaintiff's class was observed, and on June 14 Plaintiff received a positive observation report.  See id., ¶ 28.  On June 23, 2011, Plaintiff received a year-end U-rating for the 2010-2011 school year.[2]  See id., ¶ 30.

**E.      2011-2012 School Year**

At the beginning of the school year, Plaintiff was placed on a Plan for Teacher Improvement.  See Compl., ¶ 31.  On September 20, 2011, Plaintiff received a notice from Mattera that they were to meet on September 22 to discuss an investigation into "an allegation of corporal punishment."  Id., ¶ 32.  However, the meeting never occurred.  See id.  On October 18, 2011, Mattera, at the direction of the superintendent, issued Plaintiff an Action Plan.  See id., ¶ 35.  At the conclusion of the school year, Plaintiff received an overall satisfactory rating.  See id., ¶ 45.

---

[2] Plaintiff appealed the U-rating, which was sustained on January 12, 2012.  See Compl., ¶ 39.

**F.      2012-2013 School Year**

On October 10, 2012, at the conclusion of the school-day, Mattera informed Plaintiff that an investigator from DOE's Office of Special Investigations ("OSI"), Lawrence Scott, was waiting to meet with Plaintiff.  See Compl., ¶ 47.  On October 17, 2012, Plaintiff received a notice about an allegation that Plaintiff engaged in corporal punishment of a student. See id., ¶ 50.  Mattera subsequently determined that the corporal punishment allegation was unsubstantiated.  See id.

In December 2012, Plaintiff reported to Mattera that she was having difficulties with a violent and threatening student.  See Compl., ¶ 53.  On December 20, 2012, Plaintiff reported to Mattera that four of her students informed Plaintiff that a student threatened them with violence, and the police were called.  See id., ¶ 54.  On January 29, 2013, Plaintiff reported to Mattera that students complained that the same student was threatening them.  See id., ¶ 55. On January 31, 2013, Plaintiff reported to school safety that another student was making threats, and the police were called to the school.  See id.

In February 2013, a student threatened Plaintiff's life, Mattera did not call the police but investigated the allegation.  See Compl., ¶ 56.  On February 13, 2013, Plaintiff's observation was observed by Neis and a "witness" and on March 13, a letter was placed in Plaintiff's file documenting the lesson observation.  See id., ¶ 57.  On March 18, 2013, Plaintiff received another death threat from a student, the police were called to the school but "no true investigation was conducted."  Id., ¶ 18.  On March 20, 2013, Plaintiff met with assistant principal Barbara Neis and "the most recent troubled student's mother to discuss what had recently transpired." Id., ¶ 59.

On April 30, 2013, Plaintiff was accused of calling Neis a "malicious liar."  See Compl., ¶ 64.  On May 14, 2013, a post-observation meeting between Plaintiff, Mattera, and

Neis was held.  See id., ¶ 63.  On May 17, 2013, a parent contacted Neis regarding Plaintiff's frequent absences.  See id., ¶ 66.  In June 2013, "there was an incident concerning one of [Plaintiff]'s more problematic students."  Id., ¶ 72.  On June 20, 2013, a student who had been suspended returned to Plaintiff's classroom and Plaintiff was accused of verbal abuse.  See id., 75.  On June 24, 2013, an allegation leveled against Plaintiff regarding one of Plaintiff's interactions with a student was found to be unsubstantiated, however Neis placed a letter in Plaintiff's file about the allegation.  See id., ¶¶ 73-75.  Plaintiff received a 2012-2013 year-end U-rating.  See id., ¶ 76.

**G.      2013-2014 School Year**

On September 16, 2013, Neis told Plaintiff that parents were complaining about Plaintiff's "procedures."  See Compl., ¶ 78.  On October 31, 2013 Mattera gave Plaintiff an Action Plain and an observation report based on Plaintiff's October 28 lesson.  See id., ¶ 80.  On November 4, 2013, Plaintiff received a letter from Neis stating that Neis was substantiating complaints directed at Plaintiff because Plaintiff had not attended scheduled meetings to discuss the complaints.  See id., ¶ 81.

On November 8, 2013, Plaintiff received a letter from Mattera regarding meetings Plaintiff had missed regarding Plaintiff's role in the school's lockdown drill.  See Compl., ¶ 82.  Thereafter, Plaintiff was hospitalized for allegedly "stress induced chest pains."  Id.  Plaintiff continued to report sick until she obtained extended leave.  See id., ¶ 83.  Plaintiff provided the school doctors' notes for her absences.  See id.  At a later date, Plaintiff was given a 48-hour notice that she was to report for a medical examination to determine her ability to return to work, but did not appear for the examination because she did not have enough time to have a union representative of her choosing present for the examination.  See id.

5

On January 15, 2014, Plaintiff was granted extended leave for her absences from November 22, 2013 through January 31, 2014.  See Compl., ¶ 84.  During Plaintiff's leave, Mattera and Neis accused Plaintiff of unidentified allegations.  See id.  After her extended leave expired, Plaintiff applied for and was denied a medical sabbatical from February 2014 through the end of the year because Plaintiff "was not being transferred to another school."  Id., ¶ 86.  On February 4, 2014, Neis told Plaintiff to stop using DOE's online substitute portal to report her absences.  See id., ¶ 87.  Despite Neis's direction, Plaintiff continued to use the substitute portal until the system gave her an error message on February 23, 2014.  See id.   In February 2014, Plaintiff filed three union grievances alleging that there were "various letters" improperly placed in her personnel file.  See id., ¶ 88.

In April 2014, Plaintiff was terminated because she had been "absen[t] without notice."  Compl., ¶ 90.  Sometime thereafter, DOE reversed its decision.  See id.

## H.    Procedural Background

On March 25, 2015, Plaintiff filed a Charge with the EEOC.  See Compl., ¶ 5. On November 12, 2015, Plaintiff commenced the instant action.

## ARGUMENT

### POINT I

### PLAINTIFF'S ADA CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

"ADA claims brought in New York must be filed with the [EEOC] within 300 days after the alleged unlawful employment practice occurred, otherwise they are time-barred." Ullah v. NYC Dept. of Educ., 2012 U.S. Dist. LEXIS 141825, *8-9 (S.D.N.Y. Sept. 27, 2012); see also 42 U.S.C. § 12117; Cherry v. City of NY, 381 F. App'x 57, 58 (2d Cir. 2010).

Plaintiff filed a Charge with the EEOC on March 25, 2015.  See Compl., ¶ 5.  To

the extent Plaintiff alleges discrete discriminatory acts occurring prior to May 29, 2014, her claims, are time-barred.  <u>See</u> 42 U.S.C. § 12117.  Accordingly, Plaintiff's ADA claim is subject to dismissal because all of the allegations in the Complaint occurred prior to May 29, 2014.[3]  <u>See</u> <u>Cherry</u>, 381 F. App'x 57, 58 (dismissing the complaint because "the most recent alleged discriminatory action" occurred beyond the 300 day statute of limitations).

In the event the Court finds that any of the allegations were timely pled – i.e., some allegation occurred on or after May 29, 2014 – a timely pled discrete act does not serve to extend the 300-day filing requirement "even when they are related to acts alleged in timely filed charges."  <u>AMTRAK v. Morgan</u>, 536 U.S. 101, 113 (2002) (holding that the continuing violation doctrine does not apply where alleged discrimination consists of discrete acts, such as "termination, failure to promote, denial of transfer, or refusal to hire," each of which "starts a new clock for filing charges alleging that act"); <u>Valtchev v. City of New York</u>, 400 F. App'x 586, 589 (2d Cir. 2010) (portions of plaintiff's ADA claim denied because "failure to promote claims and discrete instances of retaliatory action, such as negative evaluations, … do not trigger the continuing violation exception"); <u>Thomson v. Odyssey House</u>, 2015 U.S. Dist. LEXIS 125887, *30 (E.D.N.Y. Sep. 21, 2015) (MKB) (finding that discrete acts occurring outside of the 300-day limitations period are time-barred).

---

[3] Indeed, the long recitation in the Complaint ends with the subsequent reversal by DOE of Plaintiff's April 2014 termination.  DOE's determination, which was in Plaintiff's favor, cannot be the basis for any discrimination claim.

## POINT II

## PLAINTIFF FAILS TO STATE A CLAIM FOR DISABILITY DISCRIMINATION UNDER THE ADA.[4]

### A.     Standard of Review

To survive a motion to dismiss, a complaint must plead facts adequate "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To be facially plausible, a complaint must plead "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This "requires more than labels and conclusions." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 662 (quoting Twombly, 550 U.S. at 557). Ultimately, "a discrimination complaint … must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." Dooley v. JetBlue Airways Corp., 2015 U.S. App. LEXIS 22046, *7 (2d Cir. Dec. 18, 2015) (brackets in original); see also De La Pena v. Metro. Life Ins. Co., 552 F. App'x 98, 100 (2d Cir. 2014) (A "plaintiff's bald assertions of discrimination—unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of plaintiff's protected class being treated differently—were implausible and insufficient to survive a motion to dismiss"); Coleman v. BrokersXpress, LLC, 375 F. App'x 136, 137 (2d Cir. 2010) ("Our independent review of the record confirms that the district court properly dismissed the complaint, as [plaintiff] failed to allege facts sufficient to render plausible [her] conclusory allegations" of discrimination).

---

[4] Plaintiff's ADA claim must be dismissed as to Mattera and Neis because the ADA does not provide for individual liability. See Thomson, 2015 U.S. Dist. LEXIS 125887, *74.

**B.      Plaintiff Was Not Discriminated Against Because of Her Disability**

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must show that "(1) h[er] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of [her] job, with or without reasonable accommodation; and (4) [s]he suffered [an] adverse employment action because of [her] disability."  Cameron v. Cmty. Aid for Retarded Children, Inc., 335 F.3d 60, 63 (2d Cir. 2003).  Although at the pleading stage a "plaintiff need not plead a prima facie case of discrimination" (Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir 2015)), a court "considers the prima facie elements of a discrimination … claim to determine whether the complaint sufficiently alleges facts that, if true, provide the defendant with 'fair notice of Plaintiff's claim and the grounds on which it rests.'"  Kelly v. N. Shore-Long Is. Jewish Health Sys., 2016 U.S. Dist. LEXIS 5452, *23 (E.D.N.Y. Jan. 15, 2016) (quoting Rodriguez v. Verizon Telecom, 2014 U.S. Dist. LEXIS 167833, *6 (S.D.N.Y. Dec. 3, 2014).  Here, even assuming that any of the allegations are timely, Plaintiff cannot show that she was discriminated against because of a disability.

**1.  Plaintiff does not show that she was disabled within the meaning of the statute.**

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1).

As an initial matter, the Complaint is completely silent as to the nature of Plaintiff's supposed disability.  See generally, Compl.  Indeed, the only time the term "disability" is mentioned in the Complaint is under Plaintiff's First Cause of Action which states "[t]hat the defendants' actions unlawfully discriminated against the plaintiff as a result of her disability."

Id., ¶ 94. Plaintiff never defines her disability, and by failing to do so, the Complaint does not meet the Iqbal/Twombly plausibility standard. See Horsham v. Fresh Direct, 2015 U.S. Dist. LEXIS 130438, *17 (E.D.N.Y. Sep. 28, 2015) (MKB) (dismissing disability claim because, among other reasons, "[t]he Amended Complaint does not allege that [p]laintiff was actually disabled or that he had a record of disability").

To the extent Plaintiff argues that she is disabled because she "could not attend work" (see Compl., ¶ 83) after her one-day November 8, 2013 hospitalization for "stress induced chest pains" (see id., ¶ 82), a one-time vague reference to a medical condition does not establish a disability within the meaning of the statute. See Dechberry v. NY City Fire Dept., 124 F. Supp. 3d 131, 151 (E.D.N.Y. 2015) (plaintiff's allegations that she suffered from "severe tendonitis" and that "her own doctors reveal[ed] that she is totally disabled" did not establish that she was disabled because she did "not explain what major life activity [was] substantially limited"); Boyd v. City of NY Parks & Rec., 2008 U.S. Dist. LEXIS 114730, *16 (S.D.N.Y June 30, 2008) ("allegations of chest pain [are] insufficient to qualify as a disability under [the] ADA") (citing Bovce v. New York City Mission Society, 963 F.Supp. 290, 297 (S.D.N.Y. 1997)).

### 2. Plaintiff does not allege that she was subject to an adverse employment action because of a disability.

Even if Plaintiff establishes that she was disabled within the meaning of the statute, Plaintiff does not show that she was subject to an adverse employment action. An adverse employment action is a "materially adverse change in the terms and conditions of employment," which includes "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly

10

diminished material responsibilities." <u>Sanders v. N.Y.C. Human Res. Admin.</u>, 361 F.3d 749, 755 (2d Cir. 2004).

Although Plaintiff alleges that she was terminated in April 2014 (<u>see</u> Compl., ¶ 90), she states that her termination was "reversed" at some point thereafter (<u>see</u> <u>id.</u>), thereby failing to allege that she suffered an adverse employment action.

To the extent Plaintiff argues that the proximity between her November 2013 one-day hospitalization and her reversed April 2014 termination is sufficiently close to establish an inference of discrimination, the five month delay is "too attenuated to establish that the alleged adverse actions were the product of [discriminatory] motive absent other supporting factual allegations." <u>See</u> <u>Brown v. City of NY</u>, 622 F. App'x 19, 20 (2d Cir. 2015) (finding that a two to three month delay does not support a retaliation claim).

Accordingly, Plaintiff's ADA claim is meritless and must be dismissed.

<b>POINT III</b>

<b>PLAINTIFF FAILS TO STATE A FIRST<br>AMENDMENT RETALIATION CLAIM.</b>

**A.     Any Act Occurring Prior to November 12, 2012 is Time-Barred**

As an initial matter, First Amendment retaliation claims are subject to a three year statute of limitations. <u>See</u> <u>Birch v. City of NY</u>, 2016 U.S. Dist. LEXIS 58793, *6 (E.D.N.Y. May 3, 2016) ("there is a three year statute of limitations for First Amendment Claims under 42 U.S.C. § 1983"). Accordingly, any act occurring prior to November 12, 2012 is time-barred.

**B.     Plaintiff Did Not Speak as a Citizen on a Matter of Public Concern**

Where, as here, a public employee brings a retaliation claim based on the First Amendment, the plaintiff-employee must demonstrate that: (1) the speech at issue was made as a citizen on matters of public concern; (2) she suffered an adverse employment action; and (3) the

speech was "at least a substantial or motivating factor in the adverse employment action." Garcia v. Hartford Police Dept, 706 F.3d 120, 129-130 (2d Cir. 2013) (internal quotation marks, modification brackets, and citations omitted). "The showing required for a free speech claim is the same as for a free association claim." Wrobel v. Cnty. of Erie, 692 F.3d 22, 30 (2d Cir. 2012).

A matter of public concern is a matter that "relat[es] to any matter of political, social, or other concern to the community." Connick v. Myers, 461 U.S. 138, 146 (1983). To determine whether a matter is of public concern requires the Court to determine whether the employee's speech was made to redress a personal grievance or whether it had a broader public purpose. See Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008). Speech that is calculated to advance an individual's employment grievance "does not advance a public purpose" and therefore does "not constitute speech on a matter of public concern." Id.; see also Jackler v. Byrne, 658 F.3d 225, 236 (2d Cir. 2011) (speech relating to "assignments, promotion, or salary, does not address matters of public concern"); N.Y. State Law Officers Union v. Andreucci, 433 F.3d 320, 330 (2d Cir. 2006) ("mere employee grievances do not qualify as matters of public concern"). Similarly, speech regarding alleged wrongdoing is only protected if it involves systemic, as opposed to individualized, discrimination. See Lewis v. Cowen, 165 F.3d 154, 164 (2d Cir. 1999) ("speech on a purely private matter, such as an employee's dissatisfaction with the conditions of [her] employment, does not pertain to a matter of public concern"); Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 143 (2d Cir. 1993) (employee's complaints would have been on a matter of public concern only if they implicated "system-wide discrimination"). Indeed, complaints of individualized wrongdoing which "are not connected to

12

any broader policy or practice … do not raise a public concern of systemic discrimination." See Norton v. Breslin, 565 F. App'x 31, 34 (2d Cir. 2014).

Here, Plaintiff's claim fails because she cannot show that she spoke as a citizen on a matter of public concern.  Although unclear, it appears that Plaintiff's First Amendment claim is based on the allegations that at the beginning of the 2013-2014 school year Plaintiff was prohibited from having her union representative, Emil Pietromonaco, present at a meeting to discuss Plaintiff's role in the school's lockdown drill (see Compl., ¶ 82), and Plaintiff's inability to "arrange for a representative of her choice to be present" for a medical examination.  See id., ¶ 83.  Indeed, the Complaint is focused exclusively on Plaintiff's own employment experience with DOE.  Accordingly, Plaintiff's First Amendment claim fails because any purported speech or association Plaintiff engaged in was not as a citizen on a matter of public concern and was only calculated to advance Plaintiff's own employment situation.

## POINT IV

### ALL STATE LAW CLAIMS ALLEGED AGAINST DOE MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM.

New York Education Law Section 3813(1) unequivocally requires that a notice of claim be served within three months after the accrual of a claim.  See Educ. Law § 3813(1).  Specifically, § 3813(1) states in pertinent part,

> No action … for any cause whatsoever, … or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, … unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action … is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and

that the officer or body having the power to adjust
or pay said claim has neglected or refused to make
an adjustment or payment thereof for thirty days
after such presentment.

Id. (emphases added); see also Ullah v. NYC Dept. of Educ., 2012 US Dist LEXIS 141825, *4

(S.D.N.Y. Sep. 27, 2012) ("Plaintiff is required to file a notice of claim prior to bringing suit

against the DOE.  Plaintiff bears the burden of pleading and proving that [s]he filed said notice

within three months after the accrual of [her] claims").  Similarly, notice of claim requirements

for tort claims are governed by § 3813(2) which requires that "a notice of claim shall have been

made and served in compliance with section fifty-e of the general municipal law."  In turn,

Section 50-e of the General Municipal Law provides that the notice of claim must be filed

"within ninety days after the claim arises."  Gen. Mun. § 50-e.

Here, Plaintiff has failed to plead that she filed a notice of claim, let alone a notice

of claim within 90-days of its accrual.  Accordingly, Plaintiff's IIED, breach of contract,

defamation, and prima facie tort claims are subject to dismissal.  See Vassilev v. City of NY,

2014 U.S. Dist. LEXIS 111722, *9-10 (S.D.N.Y. Aug. 12, 2014) (dismissing plaintiff's IIED,

breach of contract, defamation, and prima facie tort claims for failure to "file a timely notice of

claim").

## POINT V

### ALL OF PLAINTIFF'S REMAINING STATE CLAIMS AGAINST MATTERA AND NEIS ARE ALSO SUBJECT TO DISMISSAL.

Plaintiff does not specify whether she is suing Mattera and Neis in their official or

individual capacities.  "It is well settled that the failure to file a notice of claim bars state [law]

claims against individual defendants sued in their official capacities."  Brooks v. Cnty. of

Nassau, 54 F. Supp. 3d 254, 258 (E.D.N.Y. 2014) (dismissing tort claims as to individually

14

named defendants); see also Young v. NY City Dept. of Educ., 2010 U.S. Dist. LEXIS 69764, *34 (S.D.N.Y. July 13, 2010) (Educ. Law § 3813 requires filing of notice of claim against individually named defendants).

To the extent Plaintiff has sued Mattera and Neis in their individual capacities, Plaintiff's state claims are still subject to dismissal. The most recent allegation in the Complaint occurred in April 2014. Plaintiff did not commence this action until November 12, 2015. Therefore Plaintiff's defamation and IIED claims must be dismissed pursuant to the applicable one year statutes of limitations. Aguirre v. Best Care Agency, Inc., 961 F. Supp. 2d 427, 454 (E.D.N.Y. 2013) (MKB) ("The statute of limitations for defamation in New York is one year"); Cardona v. Cmty. Access, Inc., 2013 U.S. Dist. LEXIS 10778, *32 (E.D.N.Y. Jan. 25, 2013) (MKB) ("A claim for [IIED] is subject to a one year statute of limitations").

Plaintiff's prima facie tort claim must be dismissed because she has failed to plead special damages. See Silverman v. City of NY, 2001 U.S. Dist. LEXIS 2631, *38 (E.D.N.Y. Feb. 12, 2001) ("In order to state a cause of action for prima facie tort, special damages must be 'alleged with sufficient particularity to identify actual losses. Indeed, round sums without any attempt at itemization are insufficient") (internal quotations omitted).

Finally, Plaintiff's breach of contract claim must be dismissed because Plaintiff does not identify the supposed contractual relationship between herself and Mattera and Neis.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the Complaint in its entirety and deny the relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                May 27, 2016

                              **ZACHARY W. CARTER**
                              Corporation Counsel of the City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-169
                              New York, New York  10007
                              (212) 356-2469
                              krose@law.nyc.gov


                              By:    _____/s/_____
                                     Kurt Rose
                                     Assistant Corporation Counsel


Lawrence J. Profeta,
Kurt Rose,
   Of Counsel

16