15 Civ. 6362 (MKB) (MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELISA BARTONE,

                              Plaintiff,

-against-

ERICA MATTERA, BARBARA NEIS, AND NEW YOUR CITY DEPARTMENT OF EDUCATION,

                              Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-169
New York, New York 10007
Of Counsel: Kurt Rose
Tel. (212) 356-2469
Email: krose@law.nyc.gov
Matter No. 2015-030217

Lawrence J. Profeta,
Kurt Rose,
    Of Counsel.

## PRELIMINARY STATEMENT

Defendants moved to dismiss the Complaint because (a) Plaintiff's American's with Disabilities Act ("ADA") claim is time-barred and deficient as a matter of law; (b) Plaintiff's First Amendment claim is subject to dismissal because Plaintiff cannot show that she spoke as a citizen on a matter of public concern; and (c) Plaintiff's state law claims are meritless or barred for procedural deficiencies.

Plaintiff's opposition is thread-bare and further demonstrates why the Complaint should be dismissed. Plaintiff acknowledges that that a Charge of Discrimination must be filed with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of an allegedly discriminatory action, and highlights that discrete acts of discrimination reset the clock for filing, but fails to identify any act that occurred within 300 days of her filing her Charge. Additionally, Plaintiff continues to fail to identify her disability or set forth any facts to show that she suffered an adverse employment action as a result of her unidentified disability.

Plaintiff's First Amendment retaliation claim continues to remain deficient because any speech that Plaintiff engaged in was not on a matter of public concern and was only made to redress her own employment situation.

Finally, Plaintiff abandoned all of her state law claims by failing to respond to any of Defendants' arguments.

Accordingly, Defendants' motion should be granted and the Complaint dismissed.

# ARGUMENT

## POINT I

### PLAINTIFF'S DISCRIMINATION CLAIM MUST BE DISMISSED.

**A. Plaintiff's ADA Claim is Barred by the 300-day Statute of Limitations.**

As demonstrated in Defendants moving papers, Plaintiff's claim is barred by the requirement that ADA claims must be filed with the EEOC within 300 days of the alleged unlawful employment practice. See Def. Mot. at 6-7. Here, Plaintiff filed her Charge with the EEOC on March 25, 2015, and all the allegations in the Complaint occurred prior to May 29, 2014.

In opposition, Plaintiff acknowledges that a Charge must be filed within 300 days of the alleged discriminatory act (see Opp., ¶ 4), and that every discrete "act 'starts a new clock for filing charges alleging that act.'" Id., ¶ 5 (quoting AMTRAK v. Morgan, 536 U.S. 101, 113-14 (2002)). Plaintiff states in totally conclusory fashion that her "complaint was filed well within the 300 day statute of limitation [and the] harassment is ongoing and continued to occur beyond her cessation from working at PS 11." Opp., ¶ 6. Plaintiff fails to identify any acts that occurred within the 300-day statute of limitations.

Accordingly, Plaintiff's ADA claim must be dismissed.

**B. Plaintiff Does Not Identify Her Disability Nor Allege She Was Subject to an Adverse Employment Action Because of her Disability.**

Despite Defendants highlighting the substantive deficiencies of her disability claim, (see Def. Mot. at 9-11), Plaintiff's opposition provides no clarity as to the nature of her disability or what adverse employment action she supposedly suffered as a result of her unidentified disability. As set forth in Defendants' moving papers, by not identifying her disability, Plaintiff has not pled that she was disabled within the meaning of the statute (see id. at

2

9-10), and even if she had sufficiently pled that she was disabled, Plaintiff's reversed April 2014 termination is not an adverse employment action. See id. at 10-11.

In opposition, under the section titled "ADA CLAIM" Plaintiff cites caselaw analyzing disability claims in the Equal Protection context. See Opp., ¶¶ 1-2. To the extent that Plaintiff is attempting to raise a § 1983 disability claim, Plaintiff "cannot amend the [Complaint] to include new theories of liability by raising them in opposition to the motion to dismiss." Thomson v. Odyssey House, 2015 U.S. Dist. LEXIS 125887, *72 (E.D.N.Y. Sep. 21, 2015) (MKB), aff'd 2016 U.S. App. LEXIS 10873 (2d Cir. June 16, 2016). In any event, it is well settled that since the ADA contains its own structure for private enforcement, Plaintiff may not bring a thinly veiled ADA claim under § 1983. See EC v. Cnty. of Suffolk, 882 F. Supp. 2d 323, 355 (E.D.N.Y. 2012) (citing Brown v. Research Found. of SUNY, 2009 U.S. Dist. LEXIS 45971 (N.D.N.Y. May 28, 2009) ("Because Title VII, the ADA, and the ADEA contain their own structure for private enforcement, [p]laintiff may not bring a § 1983 claim premised upon the substantive rights provided by these statutes").

Accordingly, Plaintiff's disability discrimination claim must be dismissed.

## POINT II

### PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM.

Plaintiff argues in opposition that she was the victim of retaliation after she began to speak out against her "unlawful" and "corrupt" supervisors. See Opp., ¶ 8. Plaintiff vaguely alleges that her statements regarding Erica Mattera and Barbara Neis concerned not only herself, but also unidentified other teachers, and "the children." Id. As a threshold matter, any act occurring prior to November 12, 2012 is time-barred by the three year statute of limitations. See Def. Mem. at 11.

3

Plaintiff's opposition does nothing to alleviate the deficiencies in the Complaint – namely that to the extent Plaintiff spoke out about matters, the speech at issue was not made as a citizen on matters of public concern. See id. at 11-13. Speech made by Plaintiff concerning her own employment situation is not protected speech. See id. "Indeed, even if [Plaintiff] spoke out on unlawful discriminatory conduct against her coworkers, objecting to individualized discrimination is not protected First Amendment speech because it is 'not connected to any broader policy or practice and thus, do[es] not raise a public concern of systemic discrimination.'" Moriates v. City of NY, 2016 U.S. Dist. LEXIS 82565, *15 (E.D.N.Y. June 15, 2016) (quoting Norton v. Breslin, 565 F. App'x 31, 34 (2d Cir. 2014)). Moreover, Plaintiff's claim that she was speaking out against Mattera and Neis to protect her students is, at best, self-serving – the only time the Complaint mentions her students with any specificity is when she describes how the police had to be called to the school because her second grade students were allegedly threatening her. See e.g. Compl., ¶¶ 53-59.

Plaintiff's First Amendment claim is meritless and must be dismissed.

## POINT III

**PLAINTIFF ABANDONED HER STATE LAW CLAIMS BY FAILING TO RESPOND TO DEFENDANTS' MOTION**

Plaintiff never responded to any of Defendants' arguments regarding any of her state law claims. Accordingly, in addition to the reasons set forth in Defendants' memorandum, these claims should be dismissed with prejudice because Plaintiff abandoned them by failing to address these arguments in her opposition. See Lopez v. City of NY, 2016 U.S. Dist. LEXIS 72145, *30 (E.D.N.Y. May 31, 2016) ("Plaintiff failed to respond to [d]efendant's [CHRL] argument in his opposition. The court agrees with [d]efendant, that because [p]laintiff has abandoned his CHRL claim, the claim should be dismissed"); Romeo & Juliette Laser Hair

4

Removal, Inc. v. Assara I LLC, 2014 U.S. Dist. LEXIS 133839 (S.D.N.Y. Sep. 23, 2014) (holding that, at the "motion to dismiss stage . . . , a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim").

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' moving papers, Defendants respectfully request that this Court grant their motion to dismiss the Complaint in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              July 12, 2016

                               **ZACHARY W. CARTER**
                               Corporation Counsel of the City of New York
                               Attorney for Defendants
                               100 Church Street, Room 2-169
                               New York, New York 10007
                               (212) 356-2469
                               krose@law.nyc.gov

                 By:            */s/*
                               Kurt Rose
                               Assistant Corporation Counsel

Lawrence J. Profeta,
Kurt Rose,
   Of Counsel